UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMPY SADANA, | |
| Plaintiff, | Case No. |
| -against- | |
| PARK LI, LTD and THOMAS MULLEN, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff SIMPY SADANA, by her undersigned attorneys, alleges, upon personal knowledge as follows:

**PRELIMINARY STATEMENT**

1. This is a lawsuit to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the New York Labor Law, Article 19, §§ 650 *et. seq.* ("NYLL"), and the supporting New York State Department of Labor regulations.

2. Defendants employed Plaintiff as a Management Consultant. The position was non-exempt and subject to the overtime provisions of the FLSA, the NYLL, and the supporting New York State Department of Labor regulations.

4. Plaintiff worked off-the-clock and was not compensated for all of the time she worked for Defendants, including missed meal breaks and pre- and post-shift work, which is comprised of when she worked for Defendants taking phone calls and/or answering emails, and/or otherwise dealing with Defendants' customers, outside of her scheduled work hours.

5. Defendants have thus willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to properly record, credit, and compensate Plaintiff for work which

Defendants effectively required and/or permitted her to work in excess of forty (40) hours per week.

6. Defendants' pattern, practice and policy of requiring or permitting overtime work without properly compensating Plaintiff for same has violated her rights under the FLSA and NYLL.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's FLSA claim because this case is brought pursuant to the FLSA. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over her NYLL claims as they are so related to the claims in this action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because the Defendants do business in, and accordingly reside in, this District and because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District.

## THE PARTIES

9. Plaintiff resides in the County of Monmouth in the State of New Jersey. She was employed by Defendants as a Management Consultant from in or about January 2012 until in or about August 2015.

10. Defendant PARK LI, LTD ("Park Li") is a New York Domestic Business Corporation with a corporate address at 611 Broadway, Suite 722, New York, New York 10012. Defendant Park Li has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff.

11.     Defendant THOMAS MULLEN ("Mullen") is an officer, manager, and/or operator of Park Li. Mullen has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff.

12.     Park Li is, and at all times relevant hereto has operated as, and has held itself out to its customers as a business management consulting company.

13.     At all relevant times, Park Li has been, and continues to be, an "employer" engaged in interstate "commerce", and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Park Li has employed two or more "employee[s]", including Plaintiff.

14.     Upon information and belief, Park Li grossed more than $500,000 in the past fiscal year.

## FACTUAL ALLEGATIONS

15.     Plaintiff worked as a Management Consultant out of Park Li's New York office. Plaintiff was also often assigned to work on-site at client offices throughout the world.

16.     The primary work duties of Plaintiff involved assisting Mullen while he provided consulting/training services regarding business management to clients. Her assistance included scheduling client meetings and travel, data analysis, creating agendas and PowerPoint slides consistent with Mullen's consulting/training services.

17.     Plaintiff was normally scheduled to work for Defendants five days a week, although when overseas, she sometimes worked over the weekend as well. In her first year with Park Li, her assigned daily shift was from 9:00 AM to 6:00 PM. Thereafter, her expected daily shift was 9:00 AM to 5:30 PM.

18. Defendants paid Plaintiff a salary of $1,250 per week. However, Plaintiff's salary was subject to deductions not permitted by the FLSA or NYLL, including, but not limited to, deductions for working less than a full week or full day.

19. Defendants never paid Plaintiff any additional compensation for working more than forty (40) hours in a workweek.

20. Throughout her employment with Defendants, and especially when she was assigned to work on-site for overseas clients, Plaintiff regularly worked off-the-clock before the beginning and past the end of her scheduled shift without being paid for all of the hours she worked.

21. This resulted in Plaintiff regularly working more than 40 hours a week without being paid overtime premiums, and in her not being compensated for all of the time she worked for Defendants.

22. Defendants failed to properly track, record, and pay for all of the hours worked by Plaintiff. In fact, Mullen often expressly stated that overtime, without additional pay, is a part of the job.

23. When working out of the New York office, Plaintiff, both inside the office and out of the office, regularly worked one-half an hour to an hour, or more, before the beginning and/or after the end of her scheduled shift to check and respond to emails and make or respond to telephone calls, for a weekly average of five to eight hours of pre- and post-shift work. Plaintiff also averaged one to two hours of work about every other weekend. When working on-site at a client, Plaintiff would work an average of twelve to fourteen hours a day.

24. Plaintiff was never compensated for the hours she worked pre- and post-shift, inside the office or out of the office.

25. Plaintiff also regularly did not receive *bona fide* meal breaks because, *inter alia*, she was forced to work through the designated break and/or only provided a maximum of ten minutes for the meal break.

26. Defendants profited from the extra hours worked by Plaintiff and Defendants should have paid her for the uncompensated work hours.

27. Defendants willfully failed to pay Plaintiff "at a rate not less than one and one-half times [her] regular rate of pay" for all of the hours she worked in excess of 40 hours a week, as required by the FLSA and NYLL.

28. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid proper overtime premiums for all hours she worked in excess of 40 hours in a week. Upon information and belief, Defendants knew that the failure to pay proper overtime premiums would economically injure Plaintiff and that they violated the FLSA and the NYLL.

29. Defendants committed the foregoing acts knowingly, intentionally and willfully against Plaintiff.

30. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or New York Department of Labor, or any administrative practice or enforcement policy of such departments.

31. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages.

## **FIRST CLAIM FOR RELIEF**

### **(FLSA Overtime Violations, 29 U.S.C. § 207)**

32. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

33. Throughout the statute of limitations period covered by these claims, each of the Defendants were and continue to be an "employer" engaged in interstate commerce within the meaning of the FLSA.

34. Plaintiff was a non-exempt employee of Defendants.

35. At all relevant times, Plaintiff regularly worked in excess of forty (40) hours per workweek.

36. At all relevant times, Defendants operated under a policy and practice of failing to pay proper overtime compensation to Plaintiff for all of the hours she worked in excess of 40 hours per week, and demanded, encouraged, allowed, and/or knowingly permitted her to work off-the-clock.

37. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff at the required overtime rate of one-and-one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek.

38. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **SECOND CLAIM FOR RELIEF**

### **(NYLL Overtime Violations, NYCRR Title 12, §142-2.2)**

40. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully Set forth herein.

41. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

42. At all relevant times, Defendants operated under a policy and practice of failing to pay proper overtime compensation to Plaintiff when she worked in excess of 40 hours per week, and demanded, encouraged, allowed, and/or knowingly permitted Plaintiff to work off-the-clock.

43. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff at the required overtime rate of one-and-one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek.

44. Plaintiff seeks damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the NYLL, attorneys' fees and costs, pre and post judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF

**(Notice Violations & Record Keeping & Wage Statement Violations — NYLL §195)**

45. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

46. Defendants have willfully failed to supply Plaintiff with the notices required by NYLL § 195, in English or in the languages identified by Plaintiff as her primary language, containing her rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

47. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission; or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

48. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $50 dollars for each workweek that the violations occurred or continue to occur, or a total of $2,500, as provided for by NYLL § 198(1)-b and $100 for each workweek that the violations occurred or continue to occur, or a total of $2,500, as provided for by NYLL § 198(1)-d, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests this Court grant the following relief:

(a) A declaratory judgment that Defendants violated the FLSA and NYLL;

(b) A judgment against Defendants for damages for all unpaid overtime compensation owed to Plaintiff, as provided by the FLSA and NYLL;

(c) A judgment against Defendants for liquidated damages, in an amount equal to all unpaid overtime compensation owed to Plaintiff, as provided by the FLSA and NYLL;

(d) A judgment against Defendants for all civil penalties to which Plaintiff is entitled available under applicable laws;

(e) A judgment against Defendants for reasonable costs Plaintiff incurred herein, including expert fees;

(f) A judgment against Defendants for attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

(g) A judgment against Defendants for pre-judgment and post judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which she has a right to a jury trial.

Dated: November 6, 2015

**KLUGER HEALEY, LLC**

By: /s William H. Healey
WILLIAM H. HEALEY

788 Shrewsbury Ave., Suite 2182
Tinton Falls, NJ 07724
T: (732)852-7500
F: (888)635-1653
*Attorneys for the Plaintiff*