USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-17-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SIMPY SADANA,

                      Plaintiff,                      15-cv-8772 (PKC)

          -against-                              MEMORANDUM
                                                        AND ORDER

PARK LI, LTD. and THOMAS MULLEN,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On January 25, 2016, the parties jointly moved for approval of the proposed settlement of this action, which is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and New York Labor Law. This action is brought solely on behalf of plaintiff Simpy Sadana, and not as part of a putative collective action or class action.

        "[S]tipulated dismissals settling FLSA claims with prejudice require the approval of the district court . . . to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). A district court's review acts as a safeguard against abusive or coercive settlements. See id. at 206-07. Grounds for rejecting a proposed FLSA settlement include "highly restrictive confidentiality provisions," overbroad releases, an attorneys' fees award in excess of 40 percent, and low-value settlements accepted by a plaintiff who feels "desperate" or "pressured." Id. at 206.

        Plaintiff Sadana worked as a senior consultant for defendant Park Li, Ltd. from January 2012 through August 2015, and alleges that she frequently worked in excess of 40 hours per week. (Docket # 10 at 2.) Sadana contends that during her tenure at Park Li, she worked

1,000 total hours of unpaid overtime, which the parties note would entitle her to a total damages award of $98,760, inclusive of liquidated damages and statutory penalties under the NYLL. (Id. at 3-4.) By contrast, defendants have contended that Sadana worked 388 overtime hours and is entitled to no more than $36,378.88 in lost wages and liquidated damages. (Id. at 4.)

In support of the motion, the parties have submitted a copy of their Settlement Agreement and Mutual Release. (Healey Dec Ex. A.) They have agreed to settle the action for $90,000. (Docket # 10 at 4.) This figure includes $20,000 in unpaid overtime wages, $20,000 in liquidated damages, $20,000 in emotional distress damages and $30,000 in attorneys' fees. (Id.) Sadana's complaint brought no claim alleging emotional distress, which was asserted in informal communications with the defendants. (Id. at 4-5.) In addition to the monetary component, the parties have agreed to a mutual non-disparagement provision, the mutual release of all claims, and the voiding of all existing non-compete agreements between Sadana and defendants. (Id. at 7.) Defendants also have agreed to provide neutral references, both oral and written, for any future employment reference checks. (Healey Dec. Ex. A ¶ 9.)

The parties state that they negotiated this settlement at arm's length and through counsel. (Docket # 10 at 7-8.) Settlement was reached at an early stage of this litigation, prior to discovery taking place. (Id. at 6.) The parties jointly argue that the settlement is fair, reasonable and appropriate in light of the expense and delay that would have attended prolonged litigation, and the "highly contested issue" of the number of overtime hours worked by Sadana. (Id. at 6-7.) They also note that defendant Park Li is a small, uninsured company that is struggling economically, thereby placing Sadana at risk of obtaining an uncollectible judgment. (Id. at 6.)

The parties note that when Sadana's settlement for emotional damages is excluded, the settlement amount of $70,000 is substantially more than the $36,378.88 in

damages calculated by the defendants, while also being less than the $98,760 calculated by Sadana. (Id. at 5-6.)

As to the $30,000 in attorneys' fees and expenses, Sadana's attorneys state that $454.83 will go toward the reimbursement litigation expenses, and the remaining $29,545.17 will go toward attorneys' fees. (Id. at 8.) This amount is slightly below the lodestar. The billing records of Sadana's attorneys at Kluger Healey, LLC reflect that 82.80 hours of attorney work were performed in this case at an hourly rate of $385.00, for a total lodestar of $31,878. (Healey Dec. Ex. B.)

The Court concludes that the settlement is fair, reasonable and appropriate, and that there is no evidence that the settlement is abusive or coercive. Excluding the $20,000 settlement for Sadana's claimed emotional distress, the settlement of $70,000 is almost double defendants' wage-and-hour damages calculation of approximately $36,000. The early settlement of this action prevents the accumulation of significant litigation expenses and provides Sadana with greater certainty of receiving compensation, given Park Li's apparently precarious business circumstances. All parties agree that the non-monetary aspects of the settlement will smooth Sadana's efforts to re-enter the workforce. The $30,000 in attorneys' fees represents one-third of the total monetary settlement, which is reasonable in light of the outcome of this action, and is slightly below the lodestar sum.

For the foregoing reasons, the parties' joint motion to approve the settlement of this action is GRANTED. (Docket # 9.) The Clerk is directed to terminate the motion and to close the case.

- 4 -

SO ORDERED.

                                                P. Kevin Castel
                                       United States District Judge

Dated: New York, New York
       February 17, 2016